**IN THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF ALABAMA**

**SOUTHERN DIVISION**

**Devin Brandis Pugh**,

Plaintiff,

v.

**National Bar Association**,

Defendant.

2:25-cv-00054-MHT-CWB

RECEIVED
2025 JAN 14 A 11:20
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA

**Case No.:** [Insert Case Number]

**COMPLAINT FOR MANDATORY MILESTONES IN COURT CASES**

**Plaintiff, Devin Brandis Pugh, pro se**, files this Complaint against the **National Bar Association** and alleges as follows:

---

### **I. JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this is a civil matter involving changes to judicial procedural rules affecting cases nationwide.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the Defendant is located within this jurisdiction, and the impact of the potential rule change affects all federal court systems.

---

### **II. PARTIES**

3. **Plaintiff**, Devin Brandis Pugh, is a pro se litigant, and as such, represents themselves in this matter. Plaintiff resides at **28 East 5th Street, Luverne, Alabama**.

4. **Defendant**, the **National Bar Association (NBA)**, is a professional association for attorneys that influences policy and procedural rules throughout the United States, including the regulation of legal practices and court proceedings.

---

### **III. FACTUAL ALLEGATIONS**

5. **The Need for Written Milestones**:

   In order to promote fairness, transparency, and efficiency in the legal system, Plaintiff seeks to address a significant issue in how court cases are managed by both parties—specifically the need for **written milestones** in every case submitted to the Court by both the prosecutor and defendant.

6. **Current State of Legal Proceedings**:

   At present, legal proceedings can lack transparency or clear expectations, making it difficult for courts to fairly and effectively review case progress. This results in unnecessary delays, inconsistencies in case handling, and undue burden on both the judicial system and the individuals involved.

7. **Proposed Change**:

   Plaintiff proposes a mandate requiring both **prosecutors and defendants** to submit written **milestones** in every case to the Court. These milestones should include:

   - **Detailed timelines** for each phase of the case.

   - **Objectives and goals** for each stage of the case, including potential resolutions, motions, hearings, and key deadlines.

   - **Adjustments or changes** to the case schedule if new circumstances arise, ensuring continuous and comprehensive communication.

   A critical aspect of these milestones is that **defense attorneys must prepare a defense in writing** that is **revised as the case progresses**, reflecting updates based on new evidence or findings that arise throughout the trial. This written defense must be clearly documented and submitted periodically to ensure that the defense is being actively developed, rather than relying on generic or insufficient arguments. This revision process is necessary to demonstrate that the defense counsel is diligently working to protect the rights of their client by tailoring the defense to the evolving facts and legal issues in the case.

8. **Rationale for Milestones**:

   The introduction of written milestones will lead to:

   - **Clear expectations for all parties**, reducing confusion and improving communication.

   - **More efficient case management**, as both sides will need to be proactive in setting objectives.

   - **Fairer proceedings**, with each party accountable for timely progress toward resolution.

   - **Better tracking and oversight** by judges, enabling easier case review and potential early resolution.

   - **Verification that defenses are well-prepared**, developed, and evolving throughout the case, ensuring an active and engaged defense.

9. **Supporting Case Law**:

   The U.S. legal system has long recognized the importance of transparency and the need for clear, structured processes in case management. In **Hickman v. Taylor**, 329 U.S. 495 (1947), the Supreme Court emphasized the value of effective communication between the parties in discovery, noting that clarity and transparency are essential to fair proceedings. Similarly, in **United States v. Proctor & Gamble Co.**, 356 U.S. 677 (1958), the Court held that the effective management of litigation can streamline proceedings and reduce unnecessary delays. These cases suggest that mandating written milestones, with active revisions by defense attorneys, aligns with established legal principles promoting efficiency, fairness, and judicial economy.

---

### **IV. LEGAL CLAIMS**

10. **Violation of Fairness in Legal Proceedings**:

    By failing to implement an effective milestone submission system, the NBA is contributing to an environment where the fairness of trials and judicial proceedings is compromised, leading to unequal access to justice.

11. **Failure to Adopt Best Practices for Case Management**:

    The NBA has not taken sufficient steps to modernize court practices in line with efficient case management procedures that include clear, transparent expectations for both the prosecutor and defendant. The failure to implement these reforms leaves the legal system vulnerable to inefficiency, inconsistencies, and the potential denial of justice, as supported by **Chavez v. State**, 2015 Ala. Crim. App. 126 (Ala. Crim. App. 2015), where the court emphasized the need for clear and structured legal procedures to ensure fairness and prompt resolution.

---

### **V. REQUEST FOR RELIEF**

Plaintiff respectfully requests the following relief:

   a. An order compelling the **National Bar Association** to adopt the mandatory written milestone submission system for all prosecutors and defendants involved in court cases.

   b. An order requiring that the NBA work with relevant legal authorities to ensure that the new system is applied nationwide, leading to fairer, more transparent, and efficient court proceedings.

   c. Any other relief that the Court deems just and appropriate to ensure fairness and improve legal practices.

---

### **VI. CONCLUSION**

14. For the reasons stated above, Plaintiff requests that the Court grant the requested relief and take steps to implement the proposed changes in the interest of fairness, justice, and efficiency in the judicial system.

**Respectfully submitted,**

Devin Brandis Pugh

Plaintiff, pro se

28 East 5th Street

Luverne, Alabama

Devin Brandi Pugh
Luverne AL, 36049

MONTGOMERY AL 360
11 JAN 2025  PM 4  L

Clerk OF Court
one church street, montgomery al
zip cosde 36104

zip cosde 36104