IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DEVIN BRANDIS PUGH,           )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )        2:25cv54-MHT
                              )           (WO)
NATIONAL BAR ASSOCIATION,     )
                              )
     Defendant.               )
```

**OPINION**

**Plaintiff filed this lawsuit against a bar association seeking an order compelling the defendant to adopt a "mandatory written milestone submission system" for prosecutors and defense attorneys, and to work with legal authorities to make sure the system is adopted nationwide. This case is before the court on the recommendation of the United States Magistrate Judge that this case be dismissed without prejudice for failure to prosecute and abide by court orders; because the complaint fails to plead a plausible claim; and because the complaint fails to establish the plaintiff has standing to sue. Also before the court are**

plaintiff's motion for leave to amend the complaint and a subsequently filed amended complaint, both of which the court construes as objections to the recommendation. After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled and the magistrate judge's recommendation adopted.

The court finds that dismissal for failure to comply with court orders is justified by a clear record of delay. Plaintiff missed, by over three weeks, the deadline to pay the filing fee or file a motion for leave to proceed in forma pauperis, but the court allowed the case to proceed despite the late filing. Plaintiff then failed to comply with an order to file a required disclosure statement no later than March 12, 2025, and he still has not filed it. *See* Order (Doc. 9) at 2. Plaintiff then was ordered to replead the complaint and was warned that failure to do so could result in a recommendation of dismissal, but he did not do so until well passed the deadline, and after the

magistrate judge entered a recommendation of dismissal. Based on these repeated failures to comply with court orders, the court finds a clear record of delay justifying dismissal.

In addition, plaintiff's amended complaint does not fix the problems with the complaint explained by the magistrate judge in the recommendation, so amendment would be futile.

An appropriate judgment will be entered.

DONE, this the 11th day of July, 2025.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**